**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 25-CR-30 (ACR)** |
| **TORRIAN MARSHALL,** | |
| **Defendant.** | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States respectfully submits this memorandum in support of its oral motion for detention pending trial under 18 U.S.C. § 3142(d)(1)(iii) (probation/parole); 18 U.S.C. § 3142(f)(1)(D) (Recidivist); and 18 U.S.C. § 3142(f)(1)(E) (felony involving possession of a firearm), as the defendant, Torrian Marshall, is charged with violating 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm). The evidence presented to the court shows that the defendant poses a demonstrated danger to the public and is a flight risk if he is released. As described below, all four statutory factors in § 3142(g) strongly favor pretrial detention.

### I.    Factual and Procedural History

On August 12, 2022, at approximately 2350 hours, a Prince George's County Police helicopter was in pursuit of a black GMC Acadia with Maryland tags. Prince George's County Police received a call regarding an armed person and officers in the helicopter observed a male get into the GMC Acadia with an assault rifle. Prince George's County officers notified officers of MPD's Seventh District of the hot pursuit that was coming into Washington D.C. The pursuit ended in the 500 block of Newcomb Street, SE, Washington, D.C. when officers in the Prince George's County Police helicopter, Guardian, saw a man holding a rifle get out of the vehicle and

run inside of 574 Newcomb Street SE, Washington, D.C. 574 Newcomb Street, SE, has exterior doors that automatically lock and require a key to enter.

MPD officers responded to the location and surrounded the apartment building. After officers had the building surrounded, a subject later identified as Torrian MARSHALL, exited the building. MARSHALL was stopped and detained pending further investigation. A short time later, another subject was observed exiting the location. Officers also detained this subject pending further investigation. These are the only two individuals who exited the building after law enforcement had the building surrounded.

While on scene, officers learned that 574 Newcomb Street, SE, is a four-unit apartment building. MARSHALL lived in Apartment #4.

Officers were able to make contact the property manager who lives in the building and provided officers with keys to the four units. Officers then began a unit-by-unit sweep of the building to locate any outstanding suspects from the GMC Acadia. Every unit in the building was empty at the time the officers made entry.

During the security sweep, officers made their way to the rear staircase, which is accessible to all units and similar to a fire staircase in that it led to the backyard of the building. During the sweep of the rear staircase, officers located three firearms (two handguns and one rifle) sitting on the stairs. Figure 1 is a photo of the firearms at the time of their recovery.



***Figure 1- Photo of firearms recovered from back staircase***

1.   The following firearms and ammunition were recovered:

   a)  One stolen black Glock 9 mm handgun (SN# EZV378US) with one round

      in the chamber and six (6) rounds of ammunition in a thirty-one (31) round

      capacity magazine pictured below:



***Figure 2 – Stolen Glock 9 mm handgun (SN# EZV378US)***

   b)  One stolen black and grey Smith and Wesson SW9VE 9mm handgun

      (SN# DTF3728) with one round in the chamber and eleven (11) rounds of

ammunition in a sixteen (16) round capacity magazine (circled in red

below);



*Figure 3 – Two handguns and magazine on stairs. Stolen Smith and Wesson (SN # DTF3728) circled in red.*

c) One black Diamondback Arms multi caliber rifle (SN# DB2127393) with

one round in the chamber and twenty-eight (28) rounds of .223 caliber

ammunition in an unknown capacity magazine pictured below; and



*Figure 4- Diamondback Arms multi caliber rifle (SN# DB2127393)*

d) One extended PROMAG 40 magazine wrapped in black electrical tape that

contained 19 rounds of ammunition.



*Figure 5- PROMAG 40 magazine wrapped in black electrical tape*

Due to limited information on the suspect's description, MARSHALL and the other male who exited the building were identified and sent on their way pending further investigation.

### *DNA Results for Firearms Recovered on August 12, 2022*

All three firearms and the magazines that were discovered were collected by the Department of Forensics Science (DFS) and swabbed for DNA evidence.

As outlined below, MARSHALL was arrested for a second firearms offense on April 12, 2023. After he was arrested, a buccal swab was collected, and his DNA was compared to the firearms and magazine discovered on August 12, 2022.

The DNA results connected MARSHALL to the Diamondback Arms multi caliber rifle. *See* Figure 4, *supra*. The DNA results indicate that it is **36 quadrillion times** more likely if MARSHALL and two unknown, unrelated people are contributors than if three unknown, unrelated people are contributors.

The DNA results connected MARSHALL to the handgun magazine found inside the stolen Glock 9 mm handgun (SN# EZV378US). *See* Figure 2, *supra*. The DNA results indicate that it is **12 trillion times** more likely if MARSHALL and two unknown, unrelated people are contributors than if three unknown, unrelated people are contributors.

The DNA results connected MARSHALL to the PROMAG 40 magazine wrapped in black electrical tape. *See* Figure 5, *supra*. The DNA results indicate that it is **5.8 trillion times** more likely if MARSHALL and an unknown, unrelated person are contributors than if two unknown, unrelated people are contributors.

No DNA or sex typing results were obtained from the Smith and Wesson pistol; therefore, no comparison could be made.

MPD received National Integrated Ballistic Information Network (NIBIN) information for the Glock 9 mm handgun (SN# EZV378US) that was recovered from the back staircase on August 12, 2022. The NIBIN system produced a preliminary "lead" that the Glock 9mm handgun recovered from the back staircase was the source of expended 9mm shell casings on the scene of a homicide in Prince George's County on August 12, 2022. This is the same incident that was the basis of the pursuit that led officers to 574 Newcomb Street, SE. The NIBIN lead has not yet been confirmed by a firearms examiner.

### *April 12, 2023 Arrest of Torrian Marshall (CCN 23056526)*

On March 31, 2023, at approximately 6:46 p.m., an anonymous person reported to MPD's Confidential Tip Line that four black males were inside of 574 Newcomb Street, SE, Washington, D.C., Apartment #4, with the door open and in possession of firearms. The anonymous person also sent the below photograph, Figure 6, of firearms through the tip line. The photo contains an image of an AK-style firearm with an extended magazine and a handgun underneath a bag on a discolored stained couch.



*Figure 6 - Photo contained in anonymous text tip*

Members of the 7th District responded to the location; however, the members could not gain access to the apartment.

The tip was assigned to investigators with the Violent Crime Impact Team. Detective Qasim Thomas conducted research on the address of 574 Newcomb Street, SE, Apartment #4 and discovered that the lessee on the apartment is Torrian MARSHALL. Detective Thomas conducted a WALES/NCIC query on MARSHALL and discovered that he had an outstanding arrest warrant (D22051463) from the Washington County (MD) Sheriff's Office dated November 15, 2022. The arrest warrant was extraditable east of the Mississippi River.

Detective Thomas passed this information along to the Criminal Apprehension Unit (CAU) who is tasked with tracking and apprehending subjects wanted on all other District of Columbia

Superior Court, United States District Court, and fugitive arrest warrants within the District of Columbia. On April 12, 2023, CAU members responded to 574 Newcomb Street, SE, Apartment #4 to try and make contact with MARSHALL and arrest him for his outstanding warrant. Once at the location, CAU members located MARSHALL inside of the apartment. Also in the apartment, sitting on the couch, was the defendant's girlfriend (hereinafter "Female 1"), her child with the defendant, and three of MARSHALL's associates.

While conducting a security sweep of the apartment, officers immediately saw an ammunition loader in plain view on a coffee table on the right side of the living room. They also observed an empty high-capacity magazine underneath of a bed in the first bedroom.

CAU members deemed the apartment safe and identified all of the occupants inside. Prior to MARSHALL being transported from the apartment, MARSHALL asked an officer if they could retrieve a piece of clothing for him from the first bedroom. After MARSHALL was transported from the scene, Female 1 asked officers if they could retrieve money for her out of a Jordan shoebox located in the first bedroom. Officers went to retrieve the money and located two (2) rounds of 10mm ammunition in the Jordan shoebox.

CAU members contacted Detective Thomas who responded to the scene to assist. Once on scene, Detective Thomas noticed that the couch in the living room of 574 Newcomb Street, SE, Apartment #4 appeared to be the same couch in the photo containing firearms from the anonymous tip. Detective Thomas determined that there are no firearms registered to 574 Newcomb Street, SE, Apartment #4.

Based on the above information, Detective Thomas applied for and was granted an emergency DC Superior Court search warrant for 574 Newcomb Street, SE, Apartment #4. The

search warrant authorized a search for firearms, ammunition, proof of ownership or occupancy, and cell phones. On April 12, 2023, the search warrant was executed, and the following items were seized as evidence (all of the seized evidence was located in the living room area of the apartment unless otherwise noted):

 a) High-capacity magazine containing (27) rounds of 9mm ammunition

 b) Ammunition speed loader

 c) Gun box containing a magazine and (5) rounds of .40 caliber ammunition

 d) Box containing (20) rounds of .22 caliber ammunition

 e) Bag containing (28) rounds of .45 caliber ammunition

 f) (4) handgun magazines

 g) Magazine containing (4) rounds of .45 caliber ammunition

 h) (2) loose rounds of .40 caliber ammunition (kitchen cabinet)

 i) Brown box containing (3) handguns (on back staircase)



***Figure 7 – Photo of firearms in box on back stairs***

j)  Black Walther Creed 9mm handgun (SN# FCF4341) (empty chamber, 14 rounds in magazine)



*Figure 8 – Photo of Walther Creed Pistol (SN# FCF4341)*

k)  Black Glock 30 .45 caliber handgun (SN# FSG873) (empty chamber, 13 rounds in magazine)



*Figure 9 – Photo of Glock 30 (SN# FSG873)*

10

l) Black Sig Sauer P320 .40 caliber handgun (SN# 58C266587) (empty chamber, 13 rounds in magazine)



*Figure 10 – Photo of Sig Sauer P320 (SN# 58C266587)*

### *DNA Results for Firearms Recovered on April 12, 2023*

All firearms and magazines that were discovered were collected by DFS and were swabbed for DNA evidence.

MARSHALL was ultimately placed under arrest for the outstanding arrest warrant pending further investigation into the recovered handguns.

As mentioned previously, after MARSHALL was arrested a buccal swab was collected and his DNA was compared to DNA evidence collected from the recovered firearms.

The DNA results connected MARSHALL to the Glock 30 (SN# FSG873). *See* Figure 9, *supra*. The DNA results indicate that it is **20 trillion times** more likely if MARSHALL and two

unknown, unrelated people are contributors than if three unknown, unrelated people are contributors.

The DNA results for the Sig Sauer P320 .40 caliber handgun (SN# 58C266587) indicate limited support for exclusion of MARSHALL as a contributor. *See* Figure 10, *supra*. The results indicate that it is 68 times more likely if three unknown, unrelated people are contributors than if MARSHALL and two unknown, unrelated people are contributors.

The DNA results for the Walther Creed 9mm handgun (SN# FCF4341) indicate limited support for exclusion of MARSHALL as a contributor. *See* Figure 8, *supra*. The results indicate it is 13 times more likely if four unknown, unrelated people are contributors than if MARSHALL and three unknown, unrelated people are contributors.

On January 28, 2025, a grand jury indicted MARSHALL on two counts of violating 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm). On March 3, 2025, at the defendant's initial appearance, the government orally moved for detention pending trial pursuant to the above-referenced provision of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report (PSR). A detention hearing is set for March 6, 2025.

## II.  Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted and the government may proceed by proffer. *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782

F.2d 1141, 1145 (2d Cir. 1986). *See also United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. *See Smith*, 79 F.3d at 1210, *see Williams*, 798 F. Supp. at 36.

1.   **The United States' States Bases for Detention**

The United States seeks detention pursuant to §§ 3142(d)(1)(iii) (probation/parole), 3142(f)(1)(D) (recidivist) and 3142(f)(1)(E) (felony involving possession of a firearm), because the defendant is charged with committing a firearm offense while he was on supervision in D.C. Superior Court case 2017-CF2-006516 after being previously convicted of two crimes of violence.

As the court is aware, 18 U.S.C. § 3142(g) enumerates four factors that the court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. Each of these factors weighs in favor of pretrial detention in this case. *See* 18 U.S.C. § 3142(g).

A.   **The Nature and Circumstances of the Offenses Weigh in Favor of Detention**

The nature of the defendant's conduct is serious and weighs heavily in favor of pretrial detention in this case. The defendant is charged with two counts § 922(g)(1)—a serious crime carrying up to 15 years in prison under § 924(a)(8).

Here, the defendant was indicted after DNA linked him to three different firearms: (1) a Diamondback Arms multi caliber rifle (SN# DB2127393) with one round in the chamber and

twenty-eight rounds of .223 caliber ammunition; (2) a Glock 30 .45 caliber handgun (SN# FSG873) with 13 rounds in the magazine; and (3) to the handgun magazine found inside the stolen Glock 9 mm handgun (SN# EZV378US). Moreover, the defendant's DNA was on an extended magazine that contained 19 rounds of ammunition.

Two things are important to note. First, the weapons that contained the defendant's DNA were found on two separate occasions with other caches of weapons and ammunition. *See* Figures 1-5, 7-10, *supra*. As a convicted felon, the defendant is prohibited from possessing firearms. However, here, his DNA was found on not one cache of weapons, *but two*. Second, both caches of firearms were left out in the open, in an unsecured location where they could have been stolen or discovered by children. Unsecured firearms, especially the firepower that was recovered is incredibly dangerous and potentially endangers the lives of others if they fall into the wrong hands. As such, the nature and circumstances of these offenses weigh heavily in favor of detention.

**B.      The Weight of the Evidence Against the Defendant Favors Pretrial Detention**

The weight of the evidence against the defendant also weighs heavily in favor of pretrial detention. As mentioned above, the defendant's DNA was on two sets of firearms, on the magazine inside a third firearm, and on one extended magazine that contained ammunition. The results are as follows:

1. Diamondback Arms multi caliber rifle (SN# DB2127393). *See* Figure 4, *supra*.: the DNA results indicate that it is **36 quadrillion times** more likely if MARSHALL and two unknown, unrelated people are contributors than if three unknown, unrelated people are contributors.

2. Glock 30 (SN# FSG873). *See* Figure 9, *supra*.: the DNA results indicate that it is

**20 trillion times** more likely if MARSHALL and two unknown, unrelated people are contributors than if three unknown, unrelated people are contributors.

3. The magazine that was inside the recovered stolen Glock 9 mm handgun (SN# EZV378US). *See* Figure 2, *supra*.: the DNA results indicate that it is **12 trillion times** more likely if MARSHALL and two unknown, unrelated people are contributors than if three unknown, unrelated people are contributors.

4. PROMAG 40 magazine wrapped in black electrical tape. *See* Figure 5, *supra*.: the DNA results indicate that it is **5.8 trillion times** more likely if MARSHALL and an unknown, unrelated person are contributors than if two unknown, unrelated people are contributors.

Ultimately, the DNA evidence collected from the firearms show that there is strong support that he possessed at least three firearms out of all the firearms collected and one large capacity magazine loaded with ammunition. All told, the evidence is strong, which weighs in favor of detention.

**C.    The Defendant's History and Characteristics Weigh in Favor of Detention**

The third factor—the history and characteristics of the defendant—heavily favors detention as the defendant has a history of committing seriously violent crimes and violating the terms of his release. Moreover, he is a flight risk.

The defendant has two violent crime criminal convictions and a third based on his actions that could have resulted in someone's death. The defendant was convicted of Armed Carjacking on April 17, 2008, in CT072489X and sentenced to 30 years' imprisonment with 20 years suspended. On that same day, he was also convicted of Robbery with a Dangerous Weapon in

15

CT072600X and sentenced to 20 years' imprisonment with 10 years suspended. Despite being convicted for two violent crimes, the defendant has recently engaged in dangerous criminal conduct. According to the defendant's PSR, he was recently convicted of illegal firearms possession and second-degree assault on February 12, 2024. PSR at 3. According to the Application for Statement of Charges from the Washington County, Maryland District Court, on August 2, 2022, seven men were playing an illegal dice game at 2:54 am, when one of the men in the group pointed a firearm at the head of another individual. *See* Gov't Ex. A at 6. After that, several of the men pulled out their firearms and started shooting at one another. The defendant (who later identified himself) was captured on video camera shooting a semi-automatic firearm at another person (which he later admitted). *Id.* at 6, 7. All told 26 spent and 1 live 9 mm shell casings were recovered from the area. *Id.* at 6. It should be noted that the grey Smith and Wesson SW9VE 9mm handgun (SN# DTF3728), *supra* Figure 3, recovered on August 12, 2022 was test fired and the results matched one of the recovered 9 mm casings recovered from the shoot out on August 2, 2022. It also should be noted that this firearm was reported stolen from its rightful owner. Finally, the Glock 9 mm handgun (SN# EZV378US), which was tied to the defendant and was also stolen, produced a NIBIN lead. The lead showed that the recovered handgun was the source of an expended 9mm shell casing recovered from the scene of a homicide under investigation in Prince George's County on August 12, 2022.

As is evidenced above, the defendant either engages in very dangerous criminal activity, is around others who engage in very dangerous criminal activity, or secures weapons that were used in very dangerous criminal activity. In anyone of these scenarios, the defendant has shown himself to be a dangerous person.

In addition to the defendant being a dangerous person, he is someone who refuses to follow a court order. The PSR states that the defendant was on supervised probation from 11/16/2022 to 11/15/2023 in 2017-CF2-006516, when he was arrested on April 12, 2023 for committing the instant offense. PSR at 4. In 2017-CF2-006516, the defendant was convicted of Destruction of Property less than $1,000, Leaving After Colliding Property Damage, and Reckless Driving on November 3, 2022. One of the conditions of his supervision was that he was not to possess firearms. Despite being told not to possess firearms, he did so in direct violation of the terms of his supervision.

In addition to the defendant violating the terms of his supervision, he is also a flight risk and should be held, pursuant to 18 U.S.C. § 3142 (f)(2)(A). The defendant has had three bench warrants executed in the past – all in the same case. *See* PSR at 2. According to the PSR, the defendant had bench warrants executed on April 10, 2020, July 15, 2021, and September 30, 2022, in case number 2017-CF2-006516. *Id.* The fact that the defendant has three bench warrants – *issued in the same case* – shows how much contempt he has for court orders and that by a preponderance of the evidence he is a serious flight risk.

Ultimately, the defendant is a dangerous person, who violates the terms of his supervision, and is a flight risk. He was released to supervision before and still continues to commit crime. He has been ordered to return to court three times in the past and he has refused. He has been given numerous chances to remain in the community under supervision, but as his history makes clear, the court should have no faith that he will follow the court's order or not abscond from justice, if he is released.

D.    **The Danger to the Community Created by Defendant's Release Weighs in Favor of Detention**

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, similarly weighs heavily in favor of detention. The D.C. Circuit has noted that "'[w]hen the Government proves by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community,'" pretrial detention is available to "'disable the arrestee from executing that threat.'" *United States v. Munchel*, 991 F.3d 1273, 1280 (D.C. Cir. 2021) (quoting *United States v. Salerno*, 481 U.S. 739, 755 (1987)). This requires the court to make a "forward looking determination" about the defendant's risk of danger to the community, keeping in mind that detention may be justified even if the court does not explicitly find that the defendant is a risk of committing acts of violence. *United States v. Hale-Cusanelli*, 3 F.4th 449, 456 (D.C. Cir. 2021) (citing *Munchel*, 991 F.3d at 1283).

Here, the defendant poses an obvious and articulable threat to the community as evidenced by his recidivism and his failure to obey court orders. As noted above, the defendant was on supervision when he committed the instant offense. The defendant, however, defied that order and possessed a firearm. That he would defy a court's order and carry a firearm while doing so demonstrates just how dangerous he is to the community. Moreover, the fact that the defendant pled guilty a little over one year ago after illegally carrying and pointing a firearm at another shows how dangerous he is. This factor, along with the other three factors, weighs in favor of the defendant's detention without bond pending trial to ensure the safety of the community.

### III.    Conclusion

The government respectfully requests that the court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

EDWARD R. MARTIN, JR.
UNITED STATES ATTORNEY
D.C. Bar No. 481866

By:   /s/ *Jared English*
       JARED ENGLISH
       Assistant United States Attorney
       D.C. Bar No. 1023926
       United States Attorney's Office
       601 D Street, N.W.
       Washington, D.C. 20530
       Telephone: 202-465-0089
       Email: Jared.English@usdoj.gov

# GOVERNMENT EXHIBIT A

Case 1:25-cr-00030-ACR    Document 12    Filed 03/05/25    Page 21 of 27



# DISTRICT COURT OF MARYLAND FOR Washington County
Located at 36 West Antietam St, Hagerstown, Maryland 21740

Case No. D-112-CR-22-004706

**STATE OF MARYLAND**　　　**VS.**　　　**MARSHALL, TORRIAN JUSTIN**
CENTRAL DETENTION CENTER
1901 D STREET SE
WASHINGTON, DC 20003-0000

CC#: 22-4076　　　　　　　　　Tracking No: 221001729620
Home phone:　　　　　　　　　Cellphone:

**Charge | Statute | Arrest**　　　　　　　　**Charge | Statute | Arrest**
FIREARM USE/FEL-VIOL CRIME | CR 4 204 b |　　FIREARM POSS W/FEL CONVICT | PS 5 133 c |
HANDGUN ON PERSON | CR 4 203 |　　　　　LOADED HANDGUN ON PERSON | CR 4 203 (a)(1)(v) |

*More charges on continuation page.*

Date: 11/15/2022
**ARREST WARRANT**
Warrant Control No. D220251463
STATE OF MARYLAND,  Washington County
TO ANY PEACE OFFICER:

　　An order of the court was entered on 11/15/2022, ordering the arrest of MARSHALL, TORRIAN JUSTIN to be brought before this court for an Initial Appearance.

　　YOU ARE ORDERED to immediately arrest the above-named person who resides or may be located at:
1901 D STREET SE, WASHINGTON, DC. 200030000.

　　**IF THE DEFENDANT IS NOT IN CUSTODY FOR ANOTHER OFFENSE,**
**Initial appearance is to be held in county in which defendant is arrested.**
　　**YOU ARE FURTHER DIRECTED:**
☑ to immediately take this person before a judicial officer of the District Court; or if the warrant so specifies, before a judicial officer of the circuit court. An appearance by video satisfies the requirements of this directive.
☐ to hold this person at_____ pending their appearance in the above-named court on the first sitting of the court following their apprehension.
　　☐ **IF THE DEFENDANT IS IN CUSTODY FOR ANOTHER OFFENSE, this warrant is to be lodged as a detainer for the continued detention of the defendant for the offense charged in the charging document. When the the defendant is served with a copy of the charging document and warrant, the defendant shall be taken before a judicial officer of the district court; or if the warrant so specifies, before a judicial officer of the circuit court.**

☐_____
　　　　　　　　　　　　*Specify other directions as needed*
　　LOCAL DETENTION CENTER, JAIL OR BOOKING FACILITY:  **YOU ARE ORDERED to:**
☐ Receive from any officer the body of the above-named defendant who is COMMITTED TO YOUR CUSTODY.
☐ Transfer the defendant to:_____
　　　　　　　　　　　　　*Facility Name and Address*

The defendant, once transferred, shall be taken without unnecessary delay, before this court during the next session to answer these charges.

Date: 11/15/2022　　Time: 5:13 PM　　　　　　　　　　　　　　　　　　　　ID:  B085
　　　　　　　　　　　　　　　*Judge/Commissioner/Clerk of the Circuit Court*

**Description:**　Driver's License #　　　　　　　　　Race: B   Sex: M   Ht: 5' 09"  Wt: 220   Hair: BLK  Eyes:
DOB:　　　　FBI #　　　　　　　　SID #　　　　　　　SSN _____
Complexion _____　　　Tattoos, Marks, Scars _____　　　Other _____
Given to Law Enforcement Agency:   **HAGERSTOWN CITY POLICE**

## RETURN OF SERVICE

☐ I certify that at _____ M on _____ at _____
　　　　　　*Time*　　　　　　　*Date*
_____,  I executed this arrest warrant by arresting the person named above
　　*Place*
and delivered a copy of the arrest warrant to them.

☐ I left a copy of the warrant and charging document as a detainer for the continued detention of the person named above at: _____
　　　　　　*Detention Facility*

_____
　　　　　*Address*　　　　　　　**SAO**

_____
*Signature of Peace Officer*　　　*Title*　　　*Agency*　　　*Sub-Agency*　　　*ID Number*
**CC-DC-CR-142A**(Rev. 11/2021)　　　　　　　　　　　　　　　NOV 1 7 2022

**NOTE: Any part of a Social Security Number is Restricted Information per Md. Rule 16-915(e).**

*CONTINUATION PAGE 1 OF ARREST WARRANT*

# DISTRICT COURT OF MARYLAND FOR Washington County
Located at 36 West Antietam St, Hagerstown, Maryland 21740

Case No. D-112-CR-22-004706

**STATE OF MARYLAND**  VS.  **MARSHALL, TORRIAN JUSTIN**

Charge | Statue | Arrest                                Charge | Statue | Arrest

ILLEGAL POSS AMMO | PS 5 133.1 |                       ASSAULT-FIRST DEGREE | CR 3 202 |
ASSAULT-SEC DEGREE | CR 3 203 |                        RECKLESS ENDANGERMENT | CR 3 204 (a)(1) |





# DISTRICT COURT OF MARYLAND FOR Washington County
Located at 36 West Antietam St, Hagerstown, Maryland 21740

Case No. D-112-CR-22-004706

**STATE OF MARYLAND**     **VS.**     **MARSHALL, TORRIAN JUSTIN**

COMPLAINANT:
Officer: FLEEGAL
Agency/Subagency: BX 8120
Officer ID: 3300

CENTRAL DETENTION CENTER
1901 D STREET SE
WASHINGTON, DC 20003

| | | |
|---|---|---|
| CC#: 22-4076 | SID: | FBI#: |
| LID: | DL#: | |
| Race: B   Sex: M | Ht: 5' 9"   Wt: 220 | Hair: BLK  Eyes: |
| DOB: | Home phone: | Cellphone: |

## STATEMENT OF CHARGES

UPON THE FACTS CONTAINED IN THE APPLICATION OF Officer: FLEEGAL IT IS FORMALLY CHARGED THAT MARSHALL, TORRIAN JUSTIN at the dates, times and locations specified below:

| NUM | CHG/CIT | STATUTE | PENALTY | DESCRIPTION OF THE CHARGE |
|---|---|---|---|---|
| 001 | 1 5299 | CR 4 204 (b) | 20 Y | FIREARM USE/FEL-VIOL CRIME<br>On or About 08/02/2022<br>51 MURPH AVENUE, HAGERSTOWN<br>WASHINGTON COUNTY, MARYLAND<br>... did use a firearm in the commission of a crime of violence.<br>Against the Peace, Government, and Dignity of the State. |
| 002 | 1 1609 | PS 5 133 (c) | 15 Y | FIREARM POSS W/FEL CONVICT<br>On or About 08/02/2022<br>51 MURPH AVENUE, HAGERSTOWN<br>WASHINGTON COUNTY, MARYLAND<br>...did possess a regulated firearm after having been convicted of: a crime of violence as defined in PS 5-101(c).<br>Against the Peace, Government, and Dignity of the State. |
| 003 | 1 5212 | CR 4 203 | 3 Y &/or $2,500.00 | HANDGUN ON PERSON<br>On or About 08/02/2022<br>51 MURPH AVENUE, HAGERSTOWN<br>WASHINGTON COUNTY, MARYLAND<br>...did carry a handgun on or about their person.<br>Against the Peace, Government, and Dignity of the State. |
| 004 | 1 1455 | CR 4 203 ((a)(1)(v)) | 3 Y &/or $2,500.00 | LOADED HANDGUN ON PERSON<br>On or About 08/02/2022<br>51 MURPH AVENUE, HAGERSTOWN<br>WASHINGTON COUNTY, MARYLAND<br>... did carry a loaded handgun on or about their person.<br>Against the Peace, Government, and Dignity of the State. |
| 005 | 1 1285 | PS 5 133.1 | 1 Y &/or $1,000.00 | ILLEGAL POSS AMMO<br>On or About 08/02/2022<br>51 MURPH AVENUE, HAGERSTOWN<br>WASHINGTON COUNTY, MARYLAND<br>...did possess ammunition, being prohibited from possessing a regulated firearm under PS 5-133(b).<br>Against the Peace, Government, and Dignity of the State. |
| 006 | 1 1420 | CR 3 202 | 25 Y | ASSAULT-FIRST DEGREE<br>On or About 08/02/2022<br>51 MURPH AVENUE, HAGERSTOWN<br>WASHINGTON COUNTY, MARYLAND<br>did assault Jabarre Hines in the first degree in violation of CR 3-202, contrary to the form of the act of the assembly in such case made and provided and against the peace, government and dignity of the state.<br>Against the Peace, Government, and Dignity of the State. |
| 007 | 1 1415 | CR 3 203 | 10 Y &/or $2,500.00 | ASSAULT-SEC DEGREE<br>On or About 08/02/2022 |

**Date : 11/15/2022  Time : 5:11 PM**

**Tracking No. 221001729620**

**Judicial Officer:** _____  **B085**

CONTINUATION PAGE 1 OF STATEMENT OF CHARGES



# DISTRICT COURT OF MARYLAND FOR Washington County
Located at 36 West Antietam St, Hagerstown, Maryland 21740

Case No. D-112-CR-22-004706

**STATE OF MARYLAND**     **VS.**     **MARSHALL, TORRIAN JUSTIN**

51 MURPH AVENUE, HAGERSTOWN
WASHINGTON COUNTY, MARYLAND
did assault Jabarre Hines in the second degree in violation of CR 3-203, contrary
to the form of the act of the assembly in such case made and provided and against
the peace, government, and dignity of the state.
Against the Peace, Government, and Dignity of the State.

| 008 | 1 1425 | CR 3 204 ((a)(1)) | 5 Y &/or $5,000.00 |
|---|---|---|---|

RECKLESS ENDANGERMENT
On or About 08/02/2022
51 MURPH AVENUE, HAGERSTOWN
WASHINGTON COUNTY, MARYLAND
did recklessly engage in conduct, to wit: shot handgun towards Jabarre Hines that
created a substantial risk of death or serious physical injury to Jabarre Hines.
Against the Peace, Government, and Dignity of the State.

Date : 11/15/2022  Time : 5:11 PM

Tracking No. 221001729620

Judicial Officer: _____ **B085**

Nov. 15. 2022  4:56PM                                                    No. 0020   P. 1



# DISTRICT COURT OF MARYLAND FOR Washington County   (City/County)

LOCATED AT (COURT ADDRESS)
36 W. Antietam Street

Hagerstown, MD 21740

## D-112-CR-22-004706



| COMPLAINANT | DEFENDANT |
|---|---|
| Detective AW Fleegal | MARSHALL, Torrian Justin |
| Printed Name | Printed Name |
| 50 N. Burhans Blvd | Central Detention Center 1901 D Street SE |
| Address | Address |
| Hagerstown, MD  21740 | Washington, DC |
| City, State, Zip          Telephone | City, State, Zip          Telephone |
| BX  8120   3300 | CC# |
| Agency, Sub-agency, and I.D. #    (Officer Only) | |

DEFENDANT'S DESCRIPTION: Driver's License #⬛⬛⬛⬛⬛⬛⬛   Sex Male   Race Black   Ht 5'9   Wt 220

Hair Black ____ Eyes_____ Complexion _____ Other_____ DOB⬛⬛⬛ ID ____

## APPLICATION FOR STATEMENT OF CHARGES   Page 1 of 3

(Include a statement of facts within your personal knowledge (what you saw or heard, what someone said to you, etc.) showing that there is probable cause to believe that a crime has been committed and that the defendant has committed it. Please see the "NOTICE TO APPLICANT FOR A CHARGING DOCUMENT" for further information.)

I, the undersigned, apply for a statement of charges and a summons or warrant which may lead to the arrest of the above named defendant because on or about 08/02/22 _____ at 51 Murph Avenue Hagerstown/Washington
                                    Date                                    Place

County, Maryland _____ , the above named defendant


SEE ATTACHED NARRATIVE FOR FULL DETAILS



(Continued on attached _____ pages) (DC-CR-001A)

I solemnly affirm under the penalties of perjury that the contents of this document are true to the best of my knowledge, information, and belief.

_____11/15/22_____                        A.t  the  fln, l #3300
       Date                                    Officer's Signature
                                             AW  Fleegal
                                               Printed Name

I have read or had read to me and I understand the notice on the back of this form.


_____                    _____
       Date                                    Applicant's Signature

                                               Printed Name

Subscribed and sworn to before me ___11/15/22___ at __5·06__ ☐ AM ☒ PM
                                        Date              Time
                                   Judge/Commissioner _____      B085
                                                                          ID Number

I understand that a charging document will be issued and that I must appear for trial ☐ on _____

at _____ , ☐ when notified by the clerk, at the court location shown at the top of this form.
       Time                                                                Date

                                               Applicant's Signature

☐ The applicant requests reasonable protection for safety of the alleged victim or the victim's family:

                    (Describe)
☐ I have advised applicant of the right to request shielding.    ☐ The applicant declines shielding.
☐ I declined to issue a charging document because of lack of probable cause.

_____                    _____            _____
       Date                            Commissioner               ID Number

                                               Printed Name

DC-CR-001 (Rev. 10/2020)              Tr.#221001729620

Nov. 15. 2022  4:57PM                                                          No. 0020   P. 3



**DISTRICT COURT OF MARYLAND FOR** Washington County

| LOCATED AT (COURT ADDRESS) | DC Case : **D-112-CR-22-004706** | (City/County) |

36 W. Antietam Street

Hagerstown, MD 21740

DEFENDANT'S NAME (LAST, FIRST, M.I.)
MARSHALL, Torrian J.

## APPLICATION FOR STATEMENT OF CHARGES (CONTINUED) Page 2 of 3

On 08/02/22 at approximately 0255 hours, officers with the Hagerstown Police Department responded to the area of Jonathan Street and Murph Avenue in Hagerstown, MD for the report of shots fired. Upon arrival, officers subsequently located 26 spent 9 mm shell casings and 1 live 9mm shell casing in the area. No gunshot victims or suspects were located when the officers arrived on scene. It should be noted that several vehicles in the area also sustained damage due to the exchange of gunfire during the incident.

After being advised of the shooting incident, I responded and subsequently learned the following information from Sgt Steven Lucas. Sgt Steven Lucas indicated that he had reviewed the city camera system surveillance footage and there appeared to be at least seven individuals in the area where the incident occurred. Additionally, Sgt. Steven Lucas observed at least four of those individuals to be in the possession/firing a handgun during the incident.

During the course of the investigation, I had the opportunity to review the city camera system surveillance footage of the incident. In the surveillance footage, it appeared that a group of seven individuals were in front of 51 Murph Avenue in Hagerstown, MD engaged in a game of "rolling dice." This type of activity is a form of illegal gambling in the State of Maryland.

At some point around 0254 hours, one of the subjects in the group walked towards another subject from behind and pointed a firearm at his head. After that occurred, several other subjects pulled out a firearm and shots were exchanged between several individuals.

One of the individuals involved in the incident was observed to be a black male wearing a black shirt and white shorts with black leggings underneath the white shorts. He had arrived at the location of the dice game just prior to the incident occurring. This individual was observed on the surveillance footage pulling out a silver semi-automatic handgun from his waistband area and firing it in the direction of Jabarre Hines (DOB:▮▮▮▮▮▮) as Jabarre Hines was moving towards him shortly after the incident began. It was believed that this individual fired his weapon towards Jabarre Hines because you could see a ricochet directly in front of Jabarre Hines when the black male wearing a black shirt and white shorts with black leggings underneath the white shorts was pointing his handgun in the direction of Jabarre Hines. Jabarre Hines then retreated behind a vehicle to take cover at that point. The black male wearing a black shirt and white shorts with black leggings underneath the white shorts then fled the area in a black GMC Acadia bearing MD 9EJ0310. Two other individuals, including the individual who started the incident by putting a gun to the back of someone's head, also fled the area in the black GMC Acadia bearing MD 9EJ0310. Please note that these three individuals arrived together in the GMC Acadia bearing MD 9EJ0310 just prior to the incident occurring. All three individuals walked up to the dice game separately at that time from the GMC Acadia bearing MD 9EJ0310 which had been parked down the street.

On 09/01/22, I received information from Jessica Woodin, agent with ATF. Woodin indicated that there had been a NIBIN match in regards to one of the 9 mm casings recovered in this investigation. According to Woodin, officers with Prince George's County Police Department were chasing a vehicle, a black GMC Acadia bearing MD 9EJ0310 (same vehicle/tag from 08/02/22 incident), on 09/12/22. The chase ended when the unknown driver exited the vehicle with a rifle and entered 574 Newcomb Street SE in Washington, DC. Officers subsequently surrounded the location.

A short time later, two individuals exited the residence. One of those individuals was identified as Torrian Justin Marshall (DOB:▮▮▮▮). Marshall was eventually let go by officers at that time. It should be noted that when officers entered the residence at that location, they discovered several firearms which were seized as evidence. One of the firearms recovered, a 9 mm Smith & Wesson SW9VE pistol, was eventually test fired and the results matched one of the recovered 9 mm casings recovered from the incident on 08/02/22. Please note that I obtained a MVA photo of Marshall and it appeared to be the black male wearing a black shirt and white

_____
11/15/22
Date

Det. Ofc. Fleagel #3300
Applicant's Signature

AW Fleagel
Printed Name

Tr.#221001729620

DC-CR-001A (Rev. 04/2015)

Nov. 15. 2022  4:58PM                                                              No. 0020    P. 4

 **DISTRICT COURT OF MARYLAND FOR** Washington County

| LOCATED AT (COURT ADDRESS) | (City/County) |
| --- | --- |

36 W. Antietam Street

Hagerstown, MD 21740

DC Case : D-112-CR-22-004706

DEFENDANT'S NAME (LAST, FIRST, M.I.)

MARSHALL, Torrian J.

## APPLICATION FOR STATEMENT OF CHARGES (CONTINUED)  Page 3 of 3

shorts with black leggings underneath the white shorts from this investigation.

On 11/15/22, Marshall was contacted at the Central Detention Facility in Washington, DC. He was being detained at that location on an unrelated matter. During my conversation with him, Marshall was shown still photos of the black male wearing a black shirt and white shorts with black leggings underneath the white shorts from this investigation. Marshall confirmed that the individual was indeed him. Marshall also confirmed that he had arrived and left the incident in the black GMC Acadia and that two other individuals were with him at that time. Please note that one of the still photos shown to Marshall was of him with a firearm in his hand pointing it in the direction of the dice game immediately after the incident began. Marshall confirmed that the individual in the photo was indeed him.

Marshall was then asked if he and the other two individuals had showed up to the dice game to rob the individuals who were participating in it. I told him it appeared that way based on the surveillance footage that was reviewed by me. Marshall said he had no idea that one of the individuals he was with was going to start the incident by pulling out a gun on someone. Marshall claimed he didn't walk up to the dice game with the intention of doing anything illegal. It should be noted that Marshall claimed he didn't know the actual identities of the two individual who were with him in the GMC Acadia.

Please noted that Marshall is prohibited from possessing a firearm based on the following two factors:

-Armed Carjacking conviction (04/17/08)(Circuit Court Case # CT072489X)
-Robbery with Dangerous Weapon conviction (04/17/08)(Circuit Court Case # CT072600X)

Based on the information detailed in this application, I am requesting an arrest warrant for Torrian Justin Marshall (DOB: ▮▮▮▮▮▮)
for the following criminal offenses and any others deemed relevant:

-1 ct. Firearm-Use/Fel Viol Crime  CR 4-204
-1 ct. Firearm-Possession with Felony Conviction  PS 5-133(c)
-1 ct. Handgun on Person  CR 4-203
-1 ct. Loaded Handgun on Person  CR 4-203(a)(1)(v)
-1 ct. Illegal Possession Ammunition  PS 5-133.1
-1 ct. 1st Degree Assault  CR 3-202
-1 ct. 2nd Degree Assault  CR 3-203
-1 ct. Reckless Endangerment  CR 3-204 (a)(1)

All events occurred in Hagerstown/Washington County, MD.

| 11/15/22 | Det Ofc Fleegal #3300 |
| --- | --- |
| Date | Applicant's Signature |
|  | Ofc Fleegal |
|  | Printed Name |

Tr.# 221001729620